IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWEST DIVISION

| | |
|---|---|
| **CHARLES R. FULLER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION CASE NO.:** |
| ) | |
| **LAWRENCE BAPTIST MEDICAL** ) | CV-01-B-0252-NW |
| **CENTER** ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Lawrence Baptist Medical Center ("Lawrence Baptist") files this Notice of Removal and states:

1. Lawrence Baptist is the only named and served defendant in this action, which was filed in the Circuit Court of Lawrence County, Alabama where it bore Civil Action No. CV-2000-268-J.

2. This action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1367 and may be removed by Lawrence Baptist pursuant to 28 U.S.C. §§ 1441 and 1446. The plaintiff, Charles R. Fuller, filed this civil action in which he seeks to recover damages for an alleged violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* See Complaint, paragraphs 1 and 12. This case is not one which is rendered non-removable by 28 U.S.C. § 1445 or otherwise.

3. This notice is timely filed with this Court within the thirty (30) days limitation set forth in 28 U.S.C. § 1446(b). This action became removable on December 27, 2000, which was the date on which defendant Lawrence Baptist was served with the summons and complaint.

4.  Copies of all process, pleadings and orders served on defendant Lawrence Baptist while this action was in the Circuit Court of Lawrence County, Alabama are attached as Exhibit A.

5.  All defendants join in this removal.

WHEREFORE, defendant Lawrence Baptist gives notice of the removal of this action from the Circuit Court of Lawrence County, Alabama to this United States District Court.

Dated this 25th day of January, 2001.

Respectfully Submitted,

William G. Somerville, III

Christopher M. Michalik
Attorneys for Defendant
Lawrence Baptist Medical Center

OF COUNSEL:

JOHNSTON BARTON
PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served on the following by United States Mail, first-class postage prepaid, this the **25th** day of January, 2001.

Mitchell J. Wilson
1st Federal Building #600
P. O. Drawer 10
Florence, Alabama 35631

_____
Of Counsel

W0297070 WPD

ALABAMA JUDICIAL DATA CTR
LAWRENCE COUNTY

SUMMONS

IN THE CIRCUIT COURT OF LAWRENCE COUNTY

CHARLES R FULLER VS LAURENCE BAPTIST MEDICAL CENTER

SERVE ON: (DOC1)

| | PLAINTIFF'S ATTORNEY |
|---|---|
| LAURENCE BAPTIST MEDICAL CENTER<br>202 HOSPITAL STREET<br>MOULTON    , AL  35650-0000 | MITCHELL J WILSON<br>1ST FEDERAL BUILDING #600<br>P O DRAWER 10<br>FLORENCE     , AL  35631-0000 |

TO THE ABOVE NAMED DEFENDANT:

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS ATTORNEY(S) SHOWN ABOVE OR ATTACHED.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN (30 DAYS) AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE COURT BELOW.

✓  TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR 4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE: YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE COMPLAINT IN THIS ACTION UPON DEFENDANT.

[ ]  THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C) OF THE ALABAMA RULES OF CIVIL PROCEDURE.

DATE: 12/21/2000                         CLERK: MARCE HILL        BY: _____
                                         PO BOX 249
                                         MOULTON AL  35650
                                         (256) 974-2405

RETURN ON SERVICE:

[ ]  CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
     (RETURN RECEIPT HERETO ATTACHED)

[ ]  I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND COMPLAINT TO _____
     IN _____ COUNTY, ALABAMA ON (DATE) _____

DATE _____        SERVER'S SIGNATURE _____
                            TYPE OF PROCESS SERVER _____

| | |
|---|---|
| STATE OF ALABAMA | IN THE CIRCUIT COURT |
| LAWRENCE COUNTY | CASE NO: |

CHARLES R. FULLER, )
        )
    Plaintiff, )
        )
v. )
        )
LAWRENCE BAPTIST MEDICAL )
CENTER, )
        )
    Defendant. )

CV-2000-268-J

## COMPLAINT
## COUNT ONE

1.    Plaintiff brings this action against defendant Lawrence Baptist Medical Center pursuant to the Americans with Disabilities Act, 42 U.S.C. Section 12101, et seq.

2.    Plaintiff is a resident citizen of Colbert County, Alabama, and is over the age of nineteen (19) years.

3.    Defendant Lawrence Baptist Medical Center is, upon information and belief, an Alabama Corporation regularly conducting business in Lawrence County, Alabama, regularly employing more than fifteen (15) employees, and thus is an entity subject to suit herein.

4.    Plaintiff Charles R. Fuller was formerly employed by defendant Lawrence Baptist Medical Center as an ultrasound technician with a hire-in date of on or about April 21, 2000.

5.    Plaintiff Charles R. Fuller has and at all relevant times to this litigation, had a "disability" as that term is defined under the Americans with Disabilities Act, 42 U.S.C. Section 12102, in that he is color blind, and has a medical history and medical records of such impairment; plaintiff is

however fully capable of properly performing the necessary and essential functions of the job he formerly held with defendant despite his being color blind.

6. On or about August 23, 2000 defendant questioned plaintiff about his disability, and plaintiff informed his employer that he could perform all the necessary and essential functions of his job without any accommodation.

7. On or about August 25, 2000 plaintiff was told by his employer that within the next three of four weeks he would have to find other employment because he could not see colors.

8. On or about August 25, 2000 plaintiff was therefore constructively discharged from his employment with defendant in violation of the Americans with Disabilities Act in that plaintiff was terminated because of his disability, defendant made no effort to accommodate plaintiff's disability, and defendant wrongfully terminated plaintiff's employment based upon defendant's incorrectly regarding the color blindness of plaintiff as making him incapable of performing the necessary and essential functions of his job.

9. Defendant Lawrence Baptist Medical Center intentionally violated plaintiff's civil rights by intentionally discriminating against plaintiff, by subjecting him to discriminatory conduct, and by retaliating against plaintiff because plaintiff was under a disability as defined within the Americans with Disabilities Act. The intentional discriminatory conduct by defendant constitutes intentional discrimination with malice and/or reckless indifference to plaintiff's federally protected rights

in violation of the American's with Disabilities Act.

10. As a proximate consequence of the unlawful actions of defendant, plaintiff suffered the loss of his job, the loss of income, continues to suffer loss of income, lost benefits, suffered mental anguish, emotional distress, humiliation, loss of representation, the future loss of income, and other damages according to proof.

11. Plaintiff timely filed a charge with the EEOC, a copy of which charge is attached as Exhibit "A", and is incorporated by reference as though fully set out herein. Plaintiff received a notice of Right to Sue Letter dated October 27, 2000, a copy of which is attached hereto as Exhibit "B", and is incorporated by reference as though fully set out herein.

12. THEREFORE, plaintiff Charles R. Fuller demands judgment against defendant Lawrence Baptist Medical Center in an amount to be determined by a duly impaneled jury in the Circuit Court of Lawrence County, Alabama, said amount to be in excess of the jurisdictional requirements of this Honorable Court, plus interest costs, including back-pay, front-pay, reinstatement, and any other damages necessary to compensate plaintiff for the deprivation of his civil rights, and for an award of punitive damages to punish defendant for the outrageous, intentional and/or reckless violation of plaintiff's civil rights as proscribed by the Americans with Disabilities Act, and for an award of a reasonable attorney's fee.

Respectfully submitted,

_____
J. Wilson Mitchell (MIT016)
Attorney for plaintiff
Charles R. Fuller

YATES, MITCHELL, BERNAUER,
& WINBORN
102 South Court Street
First Southern Bank Building
Suite 600
Florence, Alabama 35630
(256) 764-0582

## JURY DEMAND

Plaintiff demands a trial by struck jury as to all issues herein.

_____
J. Wilson Mitchell

**FILED IN OFFICE**

NOV 20 2000

HARCE HILL
CLERK OF COURT

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA ☒ EEOC | 130A03171 |

_____ and EEOC
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Charles R. Fuller | (256) 381-2306 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 50 Mountain View Court, Tuscumbia, AL 35674 | | 02/03/1970 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Lawrence Baptist Medical Center | Cat B (101-200) | (256) 974-2202 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| Post Office Box 39, Moulton, AL 35650 | | 079 |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER (Specify) | EARLIEST: 08/25/2000 LATEST: 08/25/2000 ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I was hired by the above-named employer on April 21, 2000, as an ultra sound technician. On August 23, 2000, my employer questioned me about my disability. I informed my employer I could perform all essential functions of my job without an accommodation. I have worked in the medical field for the last four (4) years with my disability and I have never asked for or sought an accommodation due to my disability. On August 25, 2000, I was told to find other employment within three to four weeks. I was forced to resign on August 25, 2000.

Audrey Ewing, Radiology Director, told me on August 25, 2000, that I needed to find other employment.

I believe that I was constructively discharged and discriminated against because of my, disability, in violation of the Americans with Disability Act of 1990, as amended.

FILED IN OFFICE

NOV 20 2000

HARCE HILL
CLERK OF COURT

EXHIBIT "A"

☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

| 9/15/00 Charles Nick Fuller | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year) |
|---|---|
| Date Charging Party (Signature) | |

EEOC FORM 5 (Rev. 06/99)                                  FEPA COPY

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
# NOTICE OF RIGHT TO SUE
*(Issued on request)*

| To: | Charles R. Fuller | From: | EEOC |
|---|---|---|---|
| | 50 Mountain View Court | | Ridge Park Place, Suite 2000 |
| | Tuscumbia, AL 35674 | | 1130 22nd St., S. |
| | | | Birmingham, AL 35205 |

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a))*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 130 AO 3171 | Arthur I. Reid, Investigator | (205)731-1064 |

( See the additional information attached to this form )

**TO THE PERSON AGGRIEVED:** This is your NOTICE OF RIGHT TO SUE. It is issued at your request. If you intend to sue the respondent(s) named in your charge, YOU MUST DO SO WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

[ ] More than 180 days have expired since the filing of this charge.

[X] Less than 180 days have expired since the filing of this charge, but I have determined that the Commission will be unable to complete its process within 180 days from the filing of the charge.

[X] With the issuance of this NOTICE OF RIGHT TO SUE, the Commission is terminating its process with respect to this charge.

[ ] It has been determined that the Commission will continue to investigate your charge.

[ ] **ADEA:** While Title VII and the ADA require EEOC to issue this notice of right to sue before you can bring a lawsuit, you may sue under the Age Discrimination in Employment Act (ADEA) any time 60 days after your charge was filed

  [ ] **Because EEOC is closing your case,** your lawsuit under the ADEA must be brought within 90 days of your receipt of this notice. Otherwise, your right to sue is lost.

  [ ] **EEOC is continuing its investigation.** You will be notified when we have completed action and, if appropriate, our notice will include notice of right to sue under the ADEA.

[ ] **EPA:** While Title VII and the ADA require EEOC to issue this Notice of Right to Sue before you can bring a lawsuit, lawsuit you already have the right to sue under the Equal Pay Act (EPA) (You are not required to complain to any enforcement agency before bringing an EPA suit in court). EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

i certify that this notice was mailed on the date set out below.

FILED IN OFFICE          On Behalf of the Commission

10/27/00                 NOV 20 2000      *Cynthia G. Pierre* /s/
(Date Mailed)                             Cynthia G. Pierre, District Director
                                          (Typed Name & Title of Commission Official)

HARCE HILL
CLERK OF COURT

Enclosures
  Information Sheet
  Copy of Charge                          EXHIBIT ___B___

cc: Respondents

EEOC Form 161-B (Test 10/94)

```
STATE OF ALABAMA                          IN THE CIRCUIT COURT

LAWRENCE COUNTY                           CASE NO:


CHARLES R. FULLER,         )
                           )
        Plaintiff,         )
                           )
v.                         )
                           )
LAWRENCE BAPTIST MEDICAL   )
CENTER,                    )
                           )
        Defendant.         )
```

### PLAINTIFFS' FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

#### INTERROGATORIES

1. Does defendant have insurance coverage in the event defendant is held liable for any monetary sums in this case. If so, state the name of the insurance company, types of coverage and the policy limits.

2. Describe in detail defendant's over all organizational structure for its' Lawrence County location.

3. Describe in detail defendant's personnel policy and procedures, identifying by name, and position each person responsible for the establishing and carrying out of the procedures at its' Lawrence County location as such existed during all times while either plaintiff was employed by defendant, including but not limited to compliance with the Americans with Disabilities Act.

4. Name all positions held during the course of employment by plaintiff with defendant, including rates of compensation, and dates plus amounts of any raises.

5. State the reason plaintiff was terminated by defendant, and list the names and job titles of all people involved

in or having direct first-hand knowledge of said termination decision.

6. State the name of the employer of plaintiff as reflected in Federal and State Wage Reporting documents, and produce same.

### REQUEST FOR PRODUCTION OF DOCUMENTS

1. Produce all documents identified in response to these interrogatories.

2. Produce all manuals, personnel documents, or guidelines which describe practices, policies, procedures, rules or criteria used in recruiting hiring and employing contract labor, employee evaluation, transfer, reassignment, layoff, discharge and recall or raises which were in effect at all times during which either plaintiff was employed with defendant.

3. Produce copies of all documents filed with or received from the EEOC concerning the charge filed by plaintiff.

4. Produce a job description of all positions held by plaintiff.

5. Produce copies of all charges of A.D.A. violations filed with the EEOC in which this defendant company or any executive or high official of defendant or any manager or supervisor has ever been named as a respondent from 1995 until the present.

6. Produce a copy of defendant's response or position statement regarding each such charge referred to in the previous Request for Production #5.

7. Produce the personnel file of plaintiff, including any secondary personnel files, suspense files, payroll files, employee

files, evaluation files, or any other files containing personnel information.

    8.    Produce copies of all W-2's concerning plaintiff which are in possession of this defendant or any of its' agents, servants, or employees.

Respectfully submitted,

_____
J. Wilson Mitchell (MIT 016)
Attorney for plaintiff
Charles R. Fuller

YATES, MITCHELL, BERNAUER
& WINBORN
600 First Southern Bank Building
P. O. Drawer 10
Florence, Alabama 35631
256-764-0582

**CERTIFICATE OF SERVICE**

I hereby certify that I have requested that a copy of the foregoing First Interrogatories and Request for Production of Documents be served upon defendant along with the Complaint filed in this cause on this the __15__ day of November, 2000.

_____
J. Wilson Mitchell

FILED IN OFFICE

NOV 20 2000

HARCE HILL
CLERK OF COURT